UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN WHITFIELD,<br><br>               Plaintiff,<br><br>     v.<br><br>KHALIB SALEH, *et al*.<br><br>               Defendants. | Case No. 1:22-cv-00141-ADA-CDB<br><br>ORDER GRANTING PLAINTIFF'S MOTION *NUNC PRO TUNC* FOR AN EXTENSION OF TIME TO ACQUIRE/OBTAIN LEGAL MAILING ADDRESS OF REMAINING DEFENDANTS<br><br>(ECF No. 11) |

   Plaintiff Steven Whitfield ("Plaintiff") proceeding *pro se* initiated this action against Defendants Khalib Saleh, Kimberly Long, and Darrell Long ("Defendants") on February 2, 2022. (ECF No. 1).

   On November 21, 2022, the Court issued an order authorizing service of Plaintiff's complaint upon the Defendants. (ECF No. 10). The Court directed Plaintiff within 30 days from the date of the order to complete an attached notice of submissions of documents and submit the completed notice to the Court along with the following documents: (1) one completed summons for each Defendant, (2) one completed USM-285 form for each Defendant, and (3) three copies of the endorsed complaint filed on February 2, 2022. *Id*. at 1-2.

On December 22, 2022, Plaintiff filed a motion (dated and presumably mailed on December 19, 2022) for an extension of time "to accuire/obtain [*sic*] legal mailing address of remaining Defendants." (ECF No. 11). In support of the requested extension, Plaintiff represents he experienced a death in the family and that interfered with his daily search to obtain the legal mail address of "Defendants Kimberly Long and Dareall [*sic*] Long." *Id*. at 1. Plaintiff requests an additional 20-days within which to prepare and mail certain legal documents for service upon remaining Defendants named in the action. *Id*.

Requests for extensions of time in the Eastern District of California are governed by Local Rule 144, which provides: "Counsel shall seek to obtain a necessary extension from the Court or from other counsel or parties in an action as soon as the need for an extension becomes apparent." L.R. 144(d).[1]

Here, given Plaintiff's representation, it should have become apparent before the due date for serving the case documents that such an extension was needed, and, hence, under Local Rule 144, Plaintiff was required to file his current request for extension of time before now.

The Court disfavors granting *nunc pro tunc* relief and directs Plaintiff to exercise better care in anticipating any future requests for extensions of time and filing such requests well before the terminal filing date that Plaintiff seeks to extend. However, under the circumstances, and given that this is his first request for extension of time, Plaintiff has demonstrated good cause for the extension.

Accordingly, it is HEREBY ORDERED:

1. The Court **GRANTS** Plaintiff's motion for an extension of time. (ECF No. 11). Not later than January 10, 2023, Plaintiff **SHALL** complete and submit the Notice to the Court with the following documents: (1) one completed summons for each Defendant, (2) one completed USM-285 form for each Defendant, and (3) three copies of the endorsed complaint filed on February 2, 2022. No further extension will be granted without a timely request and showing of good cause;

---

[1] "Counsel" refers to an attorney and/or a party acting in *propria persona* or *pro s*e. L.R. 183.

2

2. The initial scheduling conference, currently set for February 23, 2023, at 9:00 a.m., is continued to March 9, 2023, at 10:00 a.m. before U.S. Magistrate Judge Christopher D. Baker. The parties are reminded of their obligation to meet and confer and file a joint scheduling report at least one week prior to the conference; and

3. The failure by Plaintiff to comply with this Order may result in the imposition of sanctions, including dismissal of this action.

IT IS SO ORDERED.

Dated:   **December 23, 2022**                          _____
                                                           UNITED STATES MAGISTRATE JUDGE