UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN WHITFIELD,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KHALIB SALEH, *et al.*,<br><br>　　　　　Defendants. | Case No. 1:22-cv-00141-KES-CDB<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT INDIVIDUAL DEFENDANTS' MOTION TO DISMISS WITHOUT LEAVE TO AMEND<br><br>(Doc. 23)<br><br>**14-DAY OBJECTION PERIOD** |

Pending before the undersigned is the unopposed motion of individual Defendants Kimberly Long and Darrell Long ("individual Defendants") to dismiss the complaint against them, filed on June 2, 2023.[1] (Doc. 23). The undersigned deems the motion suitable for the preparation of findings and recommendations without hearing and oral argument. *See* E.D. Cal. Local Rule 230(g). For the reasons set forth below, the undersigned will recommend the individual Defendants' motion to dismiss be granted without leave to amend.

**I.   BACKGROUND**[2]

　　**A.   Procedural History**

Plaintiff Steven Whitfield, proceeding pro se and *in forma pauperis*, initiated this action with the filing of a complaint on February 2, 2022. (Docs. 1, 4). On February 24, 2023, the Court directed the United States Marshal to serve upon individual Defendants and Defendant Khalib Saleh, purported owner of CaliMex Supermarket (collectively, "Defendants") service documents.

---

[1] On May 14, 2025, the assigned district judge referred the pending motion to dismiss to the undersigned for the preparation of findings and recommendations. (Doc. 39).

[2] References to filings herein are to the CM/ECF-assigned page number.

(Doc. 16). Summons returned executed were filed on May 3, 2023, with all responses to the complaint due on May 16, 2023. (Doc. 18). Individual Defendants timely filed the pending motion to dismiss on June 6, 2023. (Doc. 23). To date, Defendant Saleh has failed to timely file a responsive pleading or otherwise appear in this action. Plaintiff filed a motion for leave to amend (Doc. 37) and therewith lodged a proposed first amended complaint (Doc. 38) on May 6, 2025. Individual Defendants opposed the motion to amend on May 19, 2025.[3] (Doc. 40).

### B.    Operative Complaint

In the operative complaint, Plaintiff asserts seven claims for relief, including: disability discrimination under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 *et seq*. (Count 1); violation of California's Unruh Civil Rights Act ("Unruh Act") (Count 2); violation of California's Disabled Persons Act ("CDPA") (Count 3); respondeat superior (Count 4); premises liability (Count 5); res ispa loquitur (Count 6); and intentional/negligent infliction of emotional distress (Count 7). (Doc. 1 at 11-13). Plaintiff also asserts supplemental state law personal injury claims under California Civil Code Section 714 against Defendants. (*Id.* at 13-15).

Plaintiff alleges that, as an individual "with significant related mobility[,]" he was denied "the full and equal enjoyment of the goods" and "services" of CaliMex Supermarket on the basis of his disability due to "architectural barriers" and Defendants' policies and practices "that result in a[n inaccessible] supermarket … in violation of the [ADA] and [the CDPA]." (*Id.* at 3). He alleges that Defendants "have ha[d] substantial notice that the issues alleged in [his c]omplaint violates the ADA and various state disability laws" and "as of the date of filing [the c]omplaint Defendants have not taken any corrective actions towards remedying the problem as … alleged." (*Id.*). The complaint indicates the basis for jurisdiction in this Court is federal question in asserting a claim under Title III of the ADA and that the Court "has supplemental [jurisdiction] over the state law claims pursuant to 28 U.S.C. Section 1367, because these claim[s] are so related to the ADA claims[.]" (*Id.* at 7). The complaint alleges that the Court has personal jurisdiction over Defendants "because [CaliMex] Supermarket, lessee [and] lessor are both citizens of the County of Kern[.]"

---

[3] The undersigned will address Defendant Saleh's defaulted status, the screening of the operative complaint's federal claims (Doc. 1 at 11) (Counts 1, 2, and 3), and Plaintiff's pending motion for leave to amend (Doc. 37) in a separate order.

1  (*Id.*).  The complaint alleges that CaliMex Supermarket violates the ADA based on its inaccessible
2  restrooms and lack of designated handicap parking spaces at the facility.  (*Id.* at 8, 11).

3  Counts 1, 2, and 3 are asserted against Defendant "lessee and lessor" of CaliMex
4  Supermarket for discrimination on the basis of disability under the ADA (Count 1), violation of the
5  Unruh Act (Count 2), and for violation of the CDPA (Count 3).  (*Id.* at 11).  The complaint identifies
6  Defendant Khalib Saleh as the owner of CaliMex Supermarket and also an unknown Defendant as
7  "lessee to [Defendant] Khalib Saleh—[l]essor and owner and operator [of CaliMex]."  (*Id.* at 2).

8  In Count 4, Plaintiff asserts that Defendant Kimberly Long is liable under the doctrine of
9  res ispa loquitor as Long "was in exclusive control of her vehicle that caused Plaintiff's injuries
10 and damages" which "would not have ordinarily occurred but for [her] negligence and" were "not
11 due to [Plaintiff's] actions or contribution."  (*Id.* at 12).

12 In Count 5, Plaintiff asserts a premises liability claim against Defendant lessee and lessor
13 of CaliMex Supermarket and alleges that the "premises was a dangerous and/or a hazardous
14 condition at the time of the injuries and damages and were the cause[] or contributed to Plaintiff's
15 injuries and damages" and "Plaintiff has sustained grievous injury to his body and mind … as a
16 direct result[.]" (*Id.*).

17 In Count 6, Plaintiff asserts Defendants lessee and lessor of CaliMex Supermarket and Long
18 are liable under the doctrine of res ispa loquitor and reasserts allegations in Count 4 that Long "was
19 in exclusive control of the vehicle … that caused Plaintiff's injuries and damages." (*Id.*).

20 In Count 7, Plaintiff asserts an intentional/negligent infliction of emotional distress claim
21 against Defendants lessee and lessor and alleges both Defendants "were negligent" and their
22 conduct "was reckless and outrageous."  (*Id.*).

23 In the claim labeled "supplemental state law personal injury claims general negligence of
24 Defendants," Plaintiff asserts a personal injury/property damage claim against Defendants
25 Kimberly Long as the driver of the vehicle, Darrell Long as the owner of the vehicle, and CaliMex
26 Supermarket and its servants, agents, and employees.  (*Id.* at 13).  He alleges that Darrell Long
27 "had a common law duty to only 'entrust' his motor vehicle to be driven by another who possessed
28 the skill, experience and carefulness to make a car collision likely[.]" (*Id.*).  He further alleges that

1  Defendant Khalib Saleh "had a legal duty to make his property safe patronage and eliminate any
2  known dangerous conditions existing on the property" as the particular location of the business is
3  "overcrowded" and "a safety hazard and/or a dangerous condition to members of the general public
4  and prospective patrons" of the business. (*Id.* at 13, 14).  He alleges that on February 5, 2021, he
5  "suffered an automobile accident" with Defendant Kimberly Long at the place of business and that
6  prior to the accident, Plaintiff took a friend to the business "at least [four] times[.]" (*Id.* at 14).  He
7  alleges that on the date of the accident, Defendant CaliMex Supermarket "allowed his employee(s)
8  to illegally park on the blacktop" near the business "to avoid any … damages to their vehicles while
9  at work[.]" (*Id.* at 15).

Plaintiff seeks damages under the Unruh Civil Rights Act, the Persons with Disabilities Act, declaratory and injunctive relief, $7,500 in property damages, $7,000 in personal injury damages, $7,000 for negligent infliction of emotional distress and negligent entrustment, and for attorney's fees and costs. (*Id.* at 15-16).  The complaint is signed and dated January 28, 2022. (*Id.* at 16).

**II.   MOTION TO DISMISS STANDARD**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests a complaint's sufficiency and asks a court to dismiss a plaintiff's complaint for failing "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6); *N. Star Int'l v. Ariz. Corp. Comm'n.*, 720 F.2d 578, 581 (9th Cir. 1983) (citing *Peck v. Hoff*, 660 F.2d 371, 374 (8th Cir. 1981)).  A complaint may be dismissed as a matter of law either for lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (citing *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984)).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must provide sufficient factual matter to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see* Fed. R. Civ. P. 8(a)(2) (a complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief).  A complaint satisfies the plausibility requirement if it contains sufficient facts for the court to "draw [a] reasonable inference that the defendant is liable for the misconduct alleged." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

(2007).

When considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court must accept as true all factual allegations put forth in the complaint and construe all facts and inferences in favor of the non-moving party. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted); *Hebbe v. Pliler*, 627 F.3d 338, 340 (9th Cir. 2010). The complaint need not include "detailed factual allegations," but must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citations omitted). The Court is "not 'required to accept as true allegations that contradict exhibits attached to the Complaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.'" *Seven Arts Filmed Entm't, Ltd. v. Content Media Corp. PLC*, 733 F.3d 1251, 1254 (9th Cir. 2013) (quoting *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010)).

Finally, courts must construe pro se pleadings liberally and hold such pleadings to a less stringent standard than those drafted by attorneys. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *see Hughes v. Rowe*, 449 U.S. 5, 9 (1980) ("It is settled law that the allegations of [a pro se litigant's complaint] 'however inartfully pleaded' are held 'to less stringent standards than formal pleadings drafted by lawyers . . .'" (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972))). A court should dismiss a pro se complaint if "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

**III.    DISCUSSION**

    **A.    Motion to Dismiss**

        1.    *Individual Defendants' Contentions*

Individual Defendants Kimberly Long and Darrell Long assert in their unopposed motion that the complaint must be dismissed against them for lack of subject matter jurisdiction and for failure to state a claim. (Doc. 23). Individual Defendants argue that the complaint does not state a claim nor pleads facts under any causes of action against them, that supplemental jurisdiction "cannot be exercised in this matter" over the alleged state personal injury and property damage

claims "as there is no common nucleus of operative fact with the federal ADA complaints[,]" and the complaint "is incurably implausible, speculative and contains substantial flaws" such that "it should be dismissed without leave to amend[.]" (Doc. 23-2 at 3). Individual Defendants contend the complaint "contains unrelated mixed allegations without the common nucleus of operative fact and no operative fact at all." (*Id.* at 4). Individual Defendants further contend that Plaintiff fails to allege facts to establish Counts 4, 6, 7, and the state law negligence claim against them. (*Id.* at 5).

        2.     *Relevant Authorities*

           a.     The Americans with Disabilities Act ("ADA")

Title III of the ADA prohibits discrimination against persons with disabilities and provides: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). The ADA requires business facilities be "readily accessible to and usable by individuals with disabilities," unless it would be "structurally impracticable." 42 U.S.C. § 12183(a)(1); *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 905 (9th Cir. 2011). "In general, a facility is readily accessible to and usable by individuals with disabilities if it meets the requirements promulgated by the Attorney General in the 'ADA Accessibility Guidelines,' or the 'ADAAG.'" *Oliver*, 654 F.3d at 905. These standards are codified at 28 C.F.R. Pt. 36, Appendix A, and are "essentially an encyclopedia of design standards." (*See id.*).

For purposes of Title III, discrimination also includes "a failure to remove architectural barriers … in existing facilities … where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv). The Ninth Circuit has articulated the elements of an ADA discrimination claim as follows:

> To prevail on a Title III discrimination claim, the plaintiff must show that (1) she is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of her disability.

*Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007). A plaintiff need not show intentional

1  discrimination to establish an ADA violation. *Lentini v. California Ctr. for the Arts, Escondido*, 370 F.3d 837, 846 (9th Cir. 2004).

                    b.        <u>Supplemental Jurisdiction</u>

Under 28 U.S.C. § 1367(a), a court that has original jurisdiction over a civil action "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). "A state law claim is part of the same case or controversy when it shares a common nucleus of operative fact with the federal claims and the state and federal claims would normally be tried together." *Bahrampour v. Lampert*, 356 F.3d 969, 978 (9th Cir. 2004) (internal quotation and citation omitted). "Section 1367(a) requires courts to exercise supplemental jurisdiction, while [Section] 1367(c) provides 'the exclusive means by which supplemental jurisdiction can be declined by a court.'" *Carne v. Stanislaus Cnty. Animal Services Agency*, 445 F. Supp. 3d 772, 774 (E.D. Cal. Mar. 31, 2020) (quoting *Executive Software N. Am., Inc. v. U.S. Dist. Court for the Cent. Dist. of Cal.*, 24 F.3d 1545, 1556 (9th Cir. 1994)). However, even where supplemental jurisdiction over a claim exists under § 1367(a), the Court may decline jurisdiction over the claim under § 1367(c) if:

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

§ 1367(c)(1)–(4). Courts have "discretion to keep, or decline to keep, [supplemental state law claims] under the conditions set out in § 1367(c)." *Acri v. Varian Assocs.*, 114 F.3d 999, 1000 (9th Cir. 1997) (en banc). Courts "should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity" when deciding whether to exercise supplemental jurisdiction. *City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156,

7

174 (1997).

### 3. *Analysis*

Plaintiff's operative complaint asserts state law claims against moving individual Defendants, specifically in Counts 4, 6, 7, and the supplemental state law negligence claim. (Doc. 1 at 12-13). Individual Defendants contend "there is no common nucleus of operative fact" with Plaintiff's federal ADA claims as alleged against Defendant Shah, and that the complaint "contains unrelated mixed allegations without the common nucleus of operative fact and no operative fact at all." (Doc. 23-2 at 3, 4).

Whether a state law claim shares a "common nucleus of operative facts" with the federal claims such that asserting supplemental jurisdiction may be warranted requires courts to consider, for instance, "(1) when the facts are related in time, space, origin or motivation[,] (2) when the facts form a convenient trial unit[,] and (3) when treating the facts as a unit would conform to the parties' expectations[,]" *St. Paul Mercury Ins. Co. v. Del Webb Cal. Corp.*, Case No. CV 16-0208 PSG (SPx), 2017 WL 7661491, at *3 (C.D. Cal. Nov. 7, 2017) (citing A*pparel Art Int'l, Inc. v. Amertex Enters. Ltd.*, 48 F.3d 576, 584 (1st Cir.1995)), and "whether the claims arise from the same facts, or involve similar occurrences, witnesses or evidence[,]" *Landy v. Pettigrew Crewing, Inc*., Case No. 2:1-cv-07474-RGK-AFM, 2019 WL 6245525, at *5 (C.D. Cal. Nov. 22, 2019). "In the Ninth Circuit, there is no common nucleus of operative fact if 'there is no evidentiary overlap whatsoever between [the] claims.'" *Lei v. City of Lynden*, No. C14-0650-JCC, 2014 WL 6611382, at *4 (W.D. Wash. Nov. 20, 2014) (quoting *U.S. ex. Rel. Hill v. Teledyne, Inc.*, 103 F.3d 143, at *1 (9th Cir. 1996) (unpublished)). "[B]are allegations of a 'common scheme' fail to establish sufficient factual overlap." *Id.* (quoting *NetApp, Inc. v. Nimble Storage, Inc.*, 41 F. Supp. 3d 816, 836 (N.D. Cal. 2014)). "When the facts material to one claim (the jurisdictional anchor) are immaterial to the other claim (the proposed supplemental jurisdiction claim), Ninth Circuit courts have declined to find supplemental jurisdiction." *Id. See, e.g., Titan Global, LLC v. Organo Gold Int'l, Inc.*, No. 12-CV-2104-LHK, 2012 WL 6019285 at *11 (N.D. Cal. Dec. 2, 2012) (declining supplemental jurisdiction over claim requiring interpretation of agreement not at issue in other claims).

Here, even assuming the Court has federal question jurisdiction over Plaintiff's ADA claims

against Defendant Shah, it does not appear these federal claims can form the "jurisdictional anchor" for the exercise of supplemental jurisdiction over the state law claims against individual Defendants because the federal claims do not arise from the same common nucleus of operative fact as does the state law claims. *Bahrampour*, 356 F.3d at 978.

Plaintiff's allegations that the motor vehicle accident with individual Defendants occurred at or near the CaliMex Supermarket (the location of the ADA-based claims) does not suffice to unify the controversy with the alleged ADA violations of Defendant Shah. The sole evidentiary overlap alleged—the *situs* of accident—is not a sufficient basis to find that the state law personal injury claims arise from a common nucleus of operative fact of the purported ADA violations. *See, e.g., Brooke v. Dip Laxmi LLC*, No. 8:24-cv-02255-FWS-JDE, 2024 WL 5429123, at *4-5 (C.D. Cal. Dec. 6, 2024) ("The court finds Plaintiff's claims for breach of contract and fraud do not share 'a common nucleus of operative fact' with the ADA claim."); *Scutt v. UnitedHealth Ins. Co.*, No. 21-00323 JAO-RT, 2022 WL 787992, at *9 (D. Haw. Mar. 15, 2022) ("Plaintiff's medical malpractice and defamation claims do not share a common nucleus of operative fact with the ADA claim."). The two controversies as alleged are perpetrated by completely different parties and involve different origins of harm such that the exercise of supplemental jurisdiction over the state law claims is improper. *See Carne*, 445 F. Supp. 3d at 776 ("When the acts are different, it appears that there is no common nucleus unless there is some evidentiary overlap."); *Scutt*, 2022 WL 787992, at *9 (declining supplemental jurisdiction where ADA claim and state law medical malpractice and defamation claims "involve a completely distinct set of facts arising from different events").

Accordingly, because the Court should not exercise supplemental jurisdiction over the claims asserted against individual Defendants, their motion to dismiss should be granted.

**B.     Leave to Amend**

Rule 15 provides that "leave [to amend] shall be freely given when justice so requires." Fed. R. Civ. P. 15(2). However, district courts are only required to grant leave to amend if a complaint can be saved. *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000). When a complaint cannot be cured by additional facts, leave to amend need not be provided. *Doe v. United States*, 58

F.3d 494, 397 (9th Cir. 1995).

In lieu of filing an opposition to individual Defendants' motion to dismiss, Plaintiff filed a motion for leave to file an amended complaint (Doc. 37) and therewith lodged the first amended complaint (Doc. 38). Individual Defendants opposed the motion to amend on May 19, 2025. (Doc. 40).

In the motion for leave amend, Plaintiff requests leave to file the lodged amended complaint to add Alghaity Abdullah Corp. ("Abdullah Corp.") as a defendant. (Doc. 37 at 1). Plaintiff asserts that "[t]he only difference" between the operative complaint and the lodged amended complaint is that Plaintiff correctly names Defendant Saleh in the original complaint and upon further investigation, the "lessee" of CaliMex Supermarket is Abdullah Corp. (*Id.* at 2).

In opposition to the motion to amend, individual Defendants contend that Plaintiff's lodged first amended complaint fails to correct the deficiencies identified in the original complaint as it "is incurably implausible, speculative, and contains other substantial flaws" and contains "no common nucleus of operative fact alleged" against them with any of the federal claims such that supplemental jurisdiction cannot be exercised. (Doc. 40 at 2).

Plaintiff's proposed amendment to the operative complaint (merely adding a party) does not bear on the undersigned's conclusion that the Court should decline to exercise supplemental jurisdiction over the claims asserted against individual Defendants. Given the facts and circumstances of Plaintiff's claims as recounted above, the undersigned finds that further leave to amend Plaintiff's claims against individual Defendants would be futile and, accordingly, recommends that individual Defendants' motion to dismiss be granted without leave to amend. *Ismail v. Cnty. of Orange*, 693 Fed. Appx. 507, 511-12 (9th Cir. 2017) ("A pro se complaint may be dismissed with prejudice when 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015)).

///
///
///
///

## IV. CONCLUSION AND RECOMMENDATIONS

Accordingly, the undersigned **RECOMMENDS** that:

1. Defendants' motion to dismiss (Doc. 23) be GRANTED.
2. Plaintiff's claims against individual Defendants Kelly Long and Darrell Long (Doc. 1 at 12-13) (Counts 4, 5, 6, 7, and supplemental state law negligence claim) be DISMISSED without leave to amend and Defendants Kelly Long and Darrell Long be DISMISSED from this action.

These Findings and Recommendations will be submitted to the U.S. District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** after being served with a copy of these Findings and Recommendations, any party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent any party wishes to refer to any exhibit(s), that party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: **June 6, 2025**                                UNITED STATES MAGISTRATE JUDGE